

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney, Lee County
Gidding, Texas

Dear Sir:

Opinion No. 0-4181
Re: Limitation of salary of
teachers in public schools
levying no maintenance tax.

Attention: Thos. W. Thompson:

We acknowledge receipt of your letter of recent date
which reads as follows:

"I call your attention to attached letter to
me from R. J. Hojtmancik, County Superintendent of
Schools in Lee County, asking for an opinion as to
whether trustees of school levying no maintenance
tax may contract to pay a teacher with second grade
certificate the sum of $1,200.00 for teaching an
eight months school.

"The trustees and the superintendent desire to
make such a contract, if permitted to do so, because
it seems to be impossible to hire a teacher at $100.00
a month for only eight months.

"As I see it, the answer involves a construction
of Article 2882 of Vernon's Civil Statutes, which seems
to limit the salary of a second grade teacher in such
a school to $100.00 a month. In this county teachers
are paid on a months basis, regardless of the number
of months actually spent in the school room. That is,
whatever the total salary for the year may be, it is
divided into 12 payments, so that the teacher draws
the same monthly salary during the months she is on
vacation as during the months she is in the school room.
It will be noted that the statute does not specify that
only the months actually occupied in teaching must be
considered. Would a contract to pay such a teacher
$100.00 a month for 12 months be in compliance with
the statute, though it be understood that she is to
teach only eight months of the year? * * *"

In construing Article 2885 of Vernon's Civil Statutes, we shall consider Article 2750 of said statutes in connection therewith.

Article 2885, Vernon's Annotated Civil Statutes, reads as follows:

"Trustees in making a contract with a teacher shall determine the salary to be allowed or the wages to be paid. Provided a teacher holding a permanent State certificate shall not receive wages in excess of one hundred and fifty dollars per month out of the public free school fund; a teacher holding a first grade certificate shall not receive as wages from the public free school fund more than one hundred and twenty-five dollars per month, and a teacher holding a second grade certificate shall not receive as wages from the public free school fund more than one hundred dollars per month; provided that the salary limits herein specified shall not apply to any school district which levies and collect a local tax for school purposes. All women teaching in the State schools of the State shall be paid the same compensation as is paid to men for performing the same kind, grade and quantity of service."

Article 2750, Vernon's Annotated Civil Statutes, reads as follows:

"Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract. The board of trustees shall have authority, whenever the average daily attendance exceeds thirty-five pupils, to employ one competent assistant to every thirty-five pupils of such excess and fractional part thereof exceeding fifteen pupils. All children within the scholastic age residing in such district, though they may have settled in such district since the scholastic census was taken, shall be entitled to receive all the benefits of the schools of such district. In a district that levies a special school tax the trustees shall have the right to increase the salaries of teachers and the scholastic age, and may also have the schools taught longer than six months, if it is deemed advisable."

We are of the opinion that the limitation contained in Article 2883, supra, refers to the monthly salary of teachers during which time they are actually employed in teaching. In other words, if the contract calls for teaching eight months, at $100 per month, the annual salary would be $800. This amount could be payable in twelve equal monthly installments.

Article 2750, supra, provides that "trustees of a district shall make contracts with teachers to teach the public schools of their district * * * stating that the teacher will teach such school for the time and money specified in the contract."

We think it would be an evasion of the law for trustees to contract with a teacher for twelve months and to have an understanding that the teacher would teach only eight months.

It is our opinion that a contract to pay a teacher $100 a month for twelve months, with the understanding that she is to teach only eight months of the year, would not be in compliance with the statute.

We are aware of the fact that there is a scarcity of teachers and that the pay prescribed by the law herein quoted is entirely too low, but the remedy for this condition lies with the Legislature, and not with the Attorney General.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson

C. F. Gibson
Assistant

CFG:LP

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN